Filed 12/16/20  P. v. Alderete CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075366 |
| v. | (Super.Ct.No. FWV19004187) |
| MOSES ALDERETE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Taylor L. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Moses Alderete was walking down the street one December afternoon in 2019 when a Montclair police officer engaged him in conversation.  In the course of that encounter, defendant informed the officer that he was

1

an "AB109" (that is, a person convicted of a crime who is under county rather than state supervision).  He agreed to a search of his person and advised the officer that he had a knife.  The search revealed an unsheathed knife approximately eight inches long in defendant's pocket.  Defendant was arrested and charged with a violation of Penal Code[1] section 21310 (count 1, carrying a concealed dirk or dagger).  The complaint also included an allegation pursuant to sections 667 and 1170.12 that defendant had one strike against him resulting from a prior conviction for a serious or violent felony (attempted robbery in violation of §§ 211 and 664).

At the January 2020 pre-preliminary hearing, the court heard and denied defendant's *Marsden*[2] motion.  In February, it denied defendant's motion to suppress evidence of the knife and his statements to the police, finding the contact with the officer was consensual and that defendant agreed to be searched by the officer.  In March, the court denied defendant's second *Marsden* motion.

In June, the People successfully moved to add to the charges against defendant a count of attempting to carry a concealed dirk or dagger in violation of sections 664 and 21310 (count 2).  Defendant pled no contest to count 2 and admitted the prior conviction. The court accepted the parties' stipulation that the police report and rap sheet provided a factual basis for the plea, dismissed count 1, and sentenced defendant to 16 months in state prison on count 2 (low term of eight months, doubled on account of the strike).  It

---

[1]  All statutory references are to the Penal Code.

[2]  *People v. Marsden* (1970) 2 Cal.3d 118.

awarded defendant custody credit for 175 days (December 26, 2019, to and including June 17, 2020) and 175 conduct credits.  In addition, the court imposed a $300 parole revocation fine, which was stayed (Pen. Code, § 1202.45), a $300 restitution fine (Pen. Code, § 1202.4), and a $70 fee for court construction and operations (Pen. Code, § 1465.8; Gov. Code, § 70373).

Defendant appealed.  He checked boxes on the notice of appeal indicating it was based (i) on the sentence or other matters occurring after his plea that do not affect the plea's validity, and (ii) on the denial of his motion to suppress evidence.  This court appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738 setting forth statements of the case and facts, and four potential arguable issues:  (1) whether the denial of defendant's suppression motion at the preliminary hearing may be reviewed on appeal from the judgment; (2) whether the sentence enhancement based upon the prior strike was authorized by law; (3) whether the custody credits were properly calculated; and (4) whether it was proper to impose the fines and fees.  Counsel also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we conducted an independent review of the record and found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

FIELDS
J.

4